UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

     v.                                                 Case No. 19-CR-190

SHAWN T. KARST,

        Defendant.

## ORDER GRANTING MOTION FOR RECUSAL

On November 5, 2019, a single-count Indictment was filed charging Defendant Shawn T. Karst with knowingly making a false material declaration, while under oath, during a December 8, 2018 revocation-of-supervised-release hearing in WIED Case No. 17-CR-215. Defendant has filed a motion seeking recusal of the assigned judge alleging that, because the judge "was a witness to the alleged perjury, and has already expressed its opinion about Karst's credibility, the Court's 'impartiality might reasonably be questioned'". Dkt. No. 14 at 4. Karst also notes that the judge sua sponte overturned the magistrate judge's dismissal of the revocation proceeding for failure to establish probable cause at the preliminary hearing.

Federal statutes require that a judge recuse himself if the judge has a bias or prejudice that might call into question his impartiality. 28 U.S.C. § 455. Section 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) provides that a judge "shall" disqualify himself under certain circumstances, including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of the disputed evidentiary

facts concerning the proceeding." *Id.* § 455(b). A party may waive recusal under § 455(a), but recusal under § 455(b) is mandatory. *United States v. Disch*, 347 Fed. Appx. 421, 422 (11th Cir. 2009).

The mere fact that the court has found the defendant to lack credibility at a prior hearing or proceeding does not mandate recusal. Otherwise, recusal motions would follow almost as a matter of course after any hearing on a motion to suppress at which the defendant offered material testimony. The court's decision denying pretrial release based in part on the strength of the government's case would also serve as grounds for such a motion. Where the judge's familiarity with the facts of a case stems entirely from his or her judicial conduct in presiding over earlier proceedings, recusal under § 455(b) is not required. *United States v. Parker*, 742 F.2d 127, 128 (4th Cir. 1984, *cert. denied*, 469 U.S. 1076 (1984). Nevertheless, it has been recognized that "recusal might well be prudent when a perjury bench trial involves testimony from a proceeding over which the same judge presided." *United States v. Barrett*, 111 F.3d 947, 951 (D.C. Cir. 1997). This cautionary advice seems especially appropriate where, as here, the court acted sua sponte in overturning the earlier dismissal of the prior proceeding.

Based on the foregoing, the motion for recusal will be granted. While the court believes it is impartial and could fairly preside over the defendant's trial for perjury, prudence warrants the reassignment of this case to another judge in order to insure the appearance of impartiality. Accordingly, the clerk is directed to have this case randomly reassigned to another judge within the district and promptly advise the judge of the need to set the case for trial and pretrial.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court